# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| STEPHEN SCHOTT and ANGELA THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 4:24-cv-00136-CDL<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and this Court's Rules Regarding Confidentiality (DE 56 at pp. 9-10), Plaintiffs and Defendant, through their respective counsel, stipulate and agree to the entry of the following Protective Order in this Action. The Protective Order does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. With consent of the parties, and for good cause shown,

IT IS SO ORDERED THAT:

1. **Definitions.** As used in this Order:

    a. **"Confidential Material"** means (1) information or material; (i) that is or has been produced or disclosed to a Receiving Party; and (ii) constitutes confidential, sensitive or proprietary business information or documents, and/or personal and/or

employment information; and (iii) has been so designated by the Producing Party in the manner set forth herein.

b. "**Producing Party**" means a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Confidential Material in this Action.

c. "**Receiving Party**" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2. "Confidential Material," as that term is used in this Protective Order, includes data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any Producing Party in this Action and identified as Confidential Material as well as (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Confidential Material; and (3) any oral, written, or electronic communications, testimony, or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Confidential Material.

**Designating Confidential Material:**

3. Any document, including any part thereof, a Producing Party reasonably believes falls within the definition set forth in paragraph 1(a) above may be designated by Counsel for a Producing Party as Confidential Material. A Producing Party shall take care to limit Confidential designations to specific material that qualifies for a designation. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    4.    Discovery material that qualifies for protection under this Order must be clearly designated before or when the material is disclosed or produced:

    a. Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    b. If any Confidential Material is discussed during a deposition, the transcripts of the depositions, and exhibits thereto, shall, in their entirety, be treated as Confidential Material for a period of 30 days after such transcripts are actually received by counsel for each of the parties. During that 30-day period, portions of deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Confidentiality Order by notifying all counsel in this Action, and the Producing Party if not a Party in this Action, in writing of the page and line for each designation and exhibit number. If the Producing Party of the Confidential Material at issue is not a party to the lawsuit or otherwise in attendance at the deposition where the Confidential Material was discussed, the Party taking the deposition shall provide a copy of the transcript to the Producing Party, and the

        Producing Party shall have 30 days from the receipt of the transcript to designate portions of the transcript as Confidential Material.

5. <u>Inadvertent Failures to Designate</u>:  With the exception of deposition transcripts, if a Producing Party inadvertently fails to designate documents or other materials Confidential upon their production, it may, at any time, designate such documents/materials as Confidential Material. In that event, at the request of the Producing Party, and upon receipt of the new documents/materials subsequently designated and properly marked as Confidential Material, the Receiving Party shall either destroy or return the original documents/materials inadvertently not designated as Confidential Material to the Producing Party. The Receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents/materials as Confidential Material but shall cooperate in good faith with the Producing Party's effort to ensure that its Confidential Material remains confidential. The Producing Party's inadvertent failure to designate shall not result in a waiver of any protections afforded under this Order or applicable law.

**Access to and Use of Confidential Material:**

6. Confidential Material shall not be revealed or disclosed except to:

    a. The Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this Action;

    b. Counsel of record in this Action, other attorneys employed by their firms, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute Exhibit "A" but all of whom shall, nevertheless, be bound by this Protective Order);

4

    c.    The Parties and any employees, former employees or agents of the Parties or their corporate affiliates, provided that, before disclosure of the Confidential Material to any former employees or agents, such former employees or agents shall execute Exhibit A, which shall be provided to and maintained by counsel;

    d.    Persons consulted or retained for the purpose of providing litigation support or technical services in connection with discovery or preparation for trial of this Action, provided that, before disclosure of the Confidential Material to said persons, each shall execute Exhibit A, which shall be maintained by counsel for the party using such persons;

    e.    Persons consulted or retained for the purpose of providing expert or consulting services or for the purpose of offering expert testimony at the trial and/or hearings in this Action, provided that, before disclosure of the Confidential Material to said persons, each shall Exhibit A, which shall be maintained by counsel for the party using such persons

    f.    Stenographic reporters and videographers (and their staff) involved in depositions or other proceedings in this Action who shall not be required to execute a Confidentiality Acknowledgement and Affirmation in the form annexed as Exhibit A;

    g.    Any mediators who shall not be required to execute a Confidentiality Acknowledgement and Affirmation in the form annexed as Exhibit A;

   h. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   i. Any witness during any deposition in this Action to whom disclosure is reasonably necessary, and counsel for that witness;.

   j. Other persons only by written consent of the Producing Party or upon Order of the Court and on such conditions as may be agreed or Ordered.

  7. Persons entitled to access Confidential Material shall not disclose such Confidential Material to any person or entity other than those entitled to access as provided in this Protective Order.

**Challenging Confidentiality Designations:**

  8. If at any time a Receiving Party believes that a document or testimony designated or sought to be designated Confidential Material by the Producing Party does not warrant such designation, it shall notify the Producing Party in writing and make a good faith effort to resolve such dispute with opposing counsel in accordance with Rule 26(c) of the Federal Rules of Civil Procedure including conducting a good faith meet and confer between the parties. At the meet and confer, each party shall explain their respective position for each document at issue, including any reasons the Producing Party believes that the document is confidential, and any reasons why the Receiving Party believes that the document is not confidential. In the event that such a dispute cannot be resolved by the parties, the parties will file a joint submission identifying the documents or testimony at issue and each party's competing position regarding the confidentiality of such documents or testimony.  For each document at issue, the Producing Party shall draft its position in support of confidentiality and then provide the draft joint submission to the Receiving Party.

The Receiving Party will then insert its objections, arguments, or contrary positions to the confidentiality designations. No further edits or "reply" will be added by either party after the Receiving Party provides its positions for the joint submission. The material at issue must be treated as Confidential under this Order until the joint submission is resolved by agreement, Court order, or otherwise. The joint submission contemplated by this paragraph, and the documents addressed in the joint submission, may be filed under seal until resolved by agreement, Court order, or otherwise, at which time the Court will direct the Clerk to un-restrict any documents determined not to be Confidential.

**Use of Designated Confidential Material in Filings, Hearings, or Trial:**

9.   All filings shall be a matter of public record and shall only be sealed from public disclosure in limited circumstances by order of the Court. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery Protective Order. Rather, the Producing Party must demonstrate a compelling reason why the materials should be filed under seal.

10.   Before a Receiving Party makes any filing that constitutes, contains, or reveals Confidential Material, the Receiving/Filing Party shall provide written notice to the Producing Party no later than 14 days before submitting the proposed filing. The Producing Party shall then have 7 days from the Receiving Party's notice to use designated Confidential Material to object to public disclosure and file a motion to seal the materials. The Receiving Party has 4 days to oppose the Motion to Seal.

      a. If the Producing Party does not consent to remove the Confidential designation, and if the Court has not yet ruled upon whether a filing contains protected material that should be permitted to be filed under seal, the Receiving/Filing party shall file their motion/filing with restricted access only by the Court and shall simultaneously file a redacted copy of the motion/filing on the public record that redacts the designated protected material. **BY THE COURT:** the unredacted, restricted access copy of the filing shall highlight the portions that are redacted from the public docket.

11. In the event the party seeking to rely upon the Confidential Material provides less than 14 days advance notice to the Producing Party, and the parties are unable to resolve any objections to the planned disclosure of the material, the Receiving/Filing Party shall file their motion/filing with restricted access only by the Court and shall simultaneously file a redacted copy of the motion/filing on the public record that redacts the designated protected material. The Producing Party shall then have 7 days from the Receiving Party's notice to use designated Confidential Material to object to public disclosure and file a motion to seal the materials. The Receiving/Filing Party has 7 days to oppose the Motion to Seal.

**Protected Material Subpoenaed or Ordered Produced in Other Litigation**

12. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Material, that party must:

      a. within three days of receipt, notify the Producing Party in writing and include a copy of the subpoena or court order; and

      b. within three days of receipt, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

13. If the Producing Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any designated Confidential Material in this action before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's written permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Nothing in this Order shall prevent the party from complying with a lawfully issued subpoena unless the Producing Party timely obtains a protective order or moves to quash the subpoena. The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

**Inadvertent Production of Privileged or Otherwise Protected Material**

14. If a Producing Party inadvertently produces any data, documents, or information that the Producing Party thereafter claims to be privileged or protected, the Producing Party will give notice thereof to the Receiving Party in writing and the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Within five days, the document, data or information in question (and all notes, documents and work product quoting, referring or relating thereto) will then be returned to the Producing Party or the Receiving Party will certify that all copies have been retrieved and destroyed. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.

Pursuant to Federal Rule of Evidence 502(d) and the Court's Rules 16 and 26 Order (DE 33 pp. 11-12), the inadvertent production of a privileged or protected document shall not result in a waiver of any privilege or protection, nor result in a subject matter waiver of any kind, whether in this action or in any other federal or state proceeding. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the Producing Party that such materials have been produced.

**<u>Termination and Return of Documents</u>**

15. Within 60 days after the termination of this Action, including all appeals, each Receiving Party must return all Confidential Material to the Producing Party or destroy it, including all copies, extracts and summaries thereof. Following the expiration of this 60 day period, any Party to whom Confidential Material was produced must submit a written certification to the Producing Party that: (1) states that all Confidential Material that has been uploaded and/or stored on any discovery software, database and/or platform has been removed and deleted; (2) states that commercially reasonable efforts have been made to assure that all Confidential Material has been returned or destroyed; and (2) affirms that the Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work-product, even if such materials contain Confidential Material. Counsel is not required to

delete Confidential Material from back-up tapes or cloud back-ups, and may destroy such information in accordance with its electronically stored information protocols.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Respectfully submitted,

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
N. Kirkland Pope
Georgia Bar No. 584255
POPE, McGLAMRY P.C.
3391 Peachtree Road, N.E., Suite 300
Atlanta, GA  30326
(404) 523-7706
Fax (404) 524-1648
efile@pmkm.com
**Attorneys for Plaintiffs**

*/s/Rodger L. Eckelberry*
Rodger L. Eckelberry
Kevin P. Zimmerman
Mathew G. Drocton
Baker & Hostetler LLP
200 Civic Center Dr., Ste. 1200
Columbus, OH 43215
Telephone: 614-228-1548
Facsimile: 614-462-2616
reckelberry@bakerlaw.com
kzimmerman@bakerlaw.com
mdrocton@bakerlaw.com

                    Chelsea M. Lamb
                    Baker & Hostetler LLP
                    1170 Peachtree Street
                    Suite 2400
                    Atlanta, Georgia 30309
                    Telephone: 404-459-0050
                    clamb@bakerlaw.com

                    **Attorneys for Defendant**

SO ORDERED:

This 22nd day of July, 2025.

                    s/Clay D. Land
                    CLAY D. LAND
                    UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

## **Confidentiality Acknowledgement and Affirmation**

I, _____, declare that:

1. My home or business address is _____.

2. I am employed by _____.

3. I declare under penalty of perjury that I have read and understand this Stipulated Protective Order in the case of *Schott, et al. vs. Allstate Property and Casualty Insurance Co.*, Case No. 4:24-cv-136 (CDL).

4. I agree to be bound by the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

Executed on this _____ day of _____, _____.

_____
Signature